UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES MARSHALL SMITH,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:20-CV-04019-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

Movant, Charles Marshall Smith, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. The United States moved to dismiss Smith's petition for failure to state a claim. Docket 23. The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. On October 1, 2020, Magistrate Judge Duffy submitted her report and recommended granting the government's motion to dismiss in its entirety. Docket 32. Smith timely filed objections to the report and recommendation. Docket 40.

**REVIEW OF REPORT AND RECOMMENDATION**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting a de novo review, the

court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

Smith objects to the magistrate judge's findings and conclusions regarding his claims of pre-plea and post-plea ineffectiveness of counsel. Docket 40 at 3-6. The court reviewed this matter de novo and also reviewed many records from Smith's underlying criminal case in *United States v. Smith*, 4:17-CR-40100 (D.S.D.).[1] Based on its comprehensive review, the court concludes Smith's objections are without merit. Magistrate Judge Duffy provided a full factual background in her report and recommendation, thoroughly reviewed his claims, the evidence submitted, and the governing law. Her conclusions and recommendation to dismiss Smith's § 2255 petition without an evidentiary hearing are sound.

The court need not review Smith's objections in detail because those objections are merely reiterations of his previous arguments and contentions, all of which were thoughtfully considered and rejected by the magistrate judge. Smith's contentions in the § 2255 motion and his objections to the report and recommendation "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of

---

[1] The documents reviewed from the criminal file include the Indictment, Plea Agreement, Statement of Factual Basis, Plea Agreement Supplement, § 851 Information, Final Presentence Report (PSR), Addendum to the PSR, Objections to the PSR, Judgment and Commitment, Statement of Reasons, Transcript of Change of Plea Hearing, Transcript of Sentencing Hearing, and the Judgment from Court of Appeals. CR Dockets 1, 92-94, 97, 117-19, 123-24, 130, 132, and 136.

fact." *See Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (citation omitted).

## CONCLUSION

The court accepts the findings and recommendations of Magistrate Judge Duffy in full. Therefore, it is

ORDERED that the report and recommendation of the magistrate judge (Docket 32) is adopted in full.

IT IS FURTHER ORDERED that Smith's objections to the report and recommendation are (Docket 40) are denied.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Smith has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issue raised in

his claim differently, or that a question raised by his claim deserves additional proceedings. Thus, a certificate of appealability is not issued.

Dated May 14, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE